**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAR E. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-12079 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH TORRES, PETROS VISVARDIS, and THE CITY OF CHICAGO HEIGHTS | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff Jamar E. Harris, by and through his counsel, Ed Fox & Associates, Ltd., brings this complaint against Defendants Joseph Torres, Petros Visvardis, and the City of Chicago Heights, alleging as follows:

### JURISDICTION AND VENUE

1. The cause of action is 42 U.S. Code § 1983.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

3. The venue is founded in this Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

4. At all times relevant, Plaintiff Jamar E. Harris ("Plaintiff") was a United States citizen within this Court's jurisdiction.

5. At all times relevant, Defendants Joseph Torres ("Defendant Torres") and Petros Visvardis ("Defendant Visvardis") (collectively "Defendant Officers") were

police officers in the Chicago Heights Police Department. Defendant Officers acted under color of state law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

6. At all times relevant, the City of Chicago Heights ("Defendant City") is a political division of the State of Illinois and serves as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of the City. Pursuant to the doctrine of *respondeat superior*, the City bears liability for all state law claims committed by their representatives, employees, and agents acting within that scope.

## FACTUAL ALLEGATIONS

7. On April 6, 2024, Plaintiff was lawfully driving his 2014 Ford F-150 pick-up truck.

8. Defendant Officers conducted a traffic stop on Plaintiff's pick-up truck.

9. There was no legal justification to stop Plaintiff's pick-up truck.

10. Defendant Officers instructed Plaintiff to exit his pick-up truck.

11. Plaintiff complied and exited the pick-up truck.

12. There was no legal justification to have Plaintiff exit his pick-up truck.

13. Defendant Officers searched Plaintiff's person.

14. There was no legal justification to search Plaintiff's person.

15. Defendant Officers placed Plaintiff in handcuffs.

16. There was no legal justification to place Plaintiff in handcuffs.

17. Defendant Officers impounded Plaintiff's pick-up truck.

18. There was no legal justification to impound Plaintiff's pick-up truck.

19. Defendant Officers transported Plaintiff to their police station.

20. There was legal justification to transport Plaintiff to the police station.

21. Defendant Officers kept Plaintiff at the police station for approximately eight hours.

22. There was no legal justification to keep Plaintiff at the police station for approximately eight hours.

23. Defendant Officers released Plaintiff from the police station without charging him with any violations of the law.

24. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officer, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

25. The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. Because of the actions and/or omissions mentioned above by Defendant Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiff requests payment by

Defendants of a reasonable sum for attorneys' fees under any provision set by law.

**COUNT I**
**WRONGFUL DETENTION/FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983**

27. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth at this place.

28. Defendant Officers wrongfully detained/falsely arrested Plaintiff without legal justification, causing him to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

29. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**COUNT II**
**PROLONGED DETENTION IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983**

30. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth at this place.

31. Defendant Officers prolonged Plaintiff's detention without legal justification, causing him to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

32. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**COUNT III**
**UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983**

33. Plaintiff hereby incorporates and reasserts paragraphs one (1) through

twenty-six (26) as though fully set forth at this place.

34. Defendant Officers unreasonably searched Plaintiff without legal justification, causing him to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

35. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**COUNT IV**
**UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983**

36. Plaintiff hereby incorporates and reasserts paragraphs one (1) twenty-six (26) as though fully set forth at this place.

37. Defendant Officers seized Plaintiff's vehicle without legal justification, thereby causing him to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

38. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**COUNT V**
**FALSE ARREST/IMPRISONMENT IN VIOLATION OF ILLINOIS COMMON LAW**

39. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth at this place.

40. Defendant Officers intentionally arrested/imprisoned Plaintiff without legal justification, causing him to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers committed false arrest/imprisonment under Illinois common law.

41. Therefore, Defendant City is liable for civil battery under Illinois common law under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

42. Defendants shall pay general damages, including emotional distress.

43. Defendants shall pay special damages.

44. Defendants shall pay attorneys' fees.

45. Defendant Officers shall pay punitive and exemplary damages.

46. Defendants shall pay the costs of the suit herein incurred.

47. Plaintiff shall have such other and further relief as this Court may deem just and proper.

Dated: April 7, 2025

Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
Ed Fox & Associates, Ltd.
118 N. Clinton St., Ste. 425
Chicago, IL 60661
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiff*